IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV193-1-MU

PHILLIP SMALL,           )
                         )
        Plaintiff,       )
                         )
    v.                   )        **O R D E R**
                         )
STREATER,                )
                         )
                         )
        Defendant.       )
_____)

**THIS MATTER** comes before the Court upon Defendant Streater's Motion to Dismiss (Document # 8), filed July 29, 2004.

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Jackson, the prison superintendent, Terry, the food service manager, and Streater, the prison chaplain, violated his constitutional rights when they failed to provide Plaintiff with the Vegan diet required by his Rastafarian religion. Plaintiff seeks one million dollars in compensatory damages against each defendant as well as one million dollars in punitive damages against each defendant.

After conducting an initial review, the Court dismissed Defendants Jackson and Terry because Plaintiff had failed to state any claim against them. The Court ordered Defendant Streater to respond.

Defendant Streater filed a Motion to Dismiss asking the Court to dismiss Plaintiff's Complaint because he has not exhausted his administrative remedies. Defendant Streater states that while Plaintiff filed an initial grievance it was denied on the basis that it communicated a threat and

sought monetary damages. Defendant Streater asserts that Plaintiff never resubmitted his grievance or appealed it to Step Two. In his response, Plaintiff asserts that he did not fully exhaust his administrative remedies because the response to his grievance indicated that it communicated a threat and that only the federal or state courts could award monetary damages. Plaintiff further asserts that no records exist to establish that the prison complied with prison policy which sets forth that when a grievance is rejected because it is considered a state or federal court decision such rejection will be reviewed by the superintendent.[1]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

In rejecting his grievance, the screening officer stated that Plaintiff could not use the grievance process to communicate threats. In addition, the screening officer noted that Plaintiff could not seek monetary damages through the grievance process – such a remedy could only be attained by a successful federal or state court decision. Plaintiff did not seek to appeal the screening officer's decision to Step Two of the grievance process. Nor did Plaintiff seek to resubmit a

---

[1] Interestingly, Plaintiff does not assert that he was not given an opportunity to resubmit a grievance. Rather he states that no record exists to prove that he was given the opportunity. Furthermore, Plaintiff never asserts that he attempted to resubmit his grievance. Moreover, it could be that because it had been determined that his grievance also communicated a threat, there was no reason to proceed further.

grievance concerning the incident that forms the basis of his present Complaint.

Plaintiff attempts to avoid the conclusion that he has failed to exhaust his administrative remedies by asserting that his grievance should not have been rejected because it did not contain threats. To the extent Plaintiff believed the screening officer wrongly determined that his grievance communicated a threat he logically had two options – he could appeal the screening officer's decision to step two or he could resubmit his grievance taking an abundance of care to ensure no threat could be read in to his choice of words. It is simply not a court's function to determine whether or not Department of Correction ("DOC") policy is correctly interpreted by a correctional facility.

Plaintiff also asserts that he could not further grieve his complaint because, as he was informed by the screening officer, the prison could not award him monetary damages.[2] Plaintiff's grievance, however, explicitly sought the explicit alternative remedy of reinstating his religious diet. Nevertheless, Plaintiff chose not to pursue his alternative remedy by resubmitting a grievance seeking the reinstatement of his religious diet.[3]

Based upon the foregoing, this Court concludes that Plaintiff has failed to exhaust his administrative remedies. Plaintiff should note that the dismissal is without prejudice and therefore he may file another Complaint dealing with the same issue if he exhausts his remedies.

---

[2] The Court is aware that the United States Supreme Court has explicitly held that an inmate seeking only monetary damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some sort of relief, even if the process does not make specific provision for monetary relief. Booth v. Churner, 121 S. Ct. 1819, 1825 (2001).

[3] The Court notes that Plaintiff appears to be an experienced litigator of § 1983 cases. In the last three years alone, Plaintiff has filed at least six § 1983 cases in the federal courts of North Carolina. (5:03CT685; 5:04CT121; 5:03CT41; 3:04CV193; 1:04CV240; and 5:05CV247).

**IT IS THEREFORE ORDERED THAT**:

1.  Defendant's Motion to Dismiss is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED without prejudice**.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge